FARMERS STATE BANK OF' ELLSINORE, APPELLANT, v. CONSOLIDATED SCHOOL DISTRICT NUMBER 1, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed April 7, 1927.

1.—**Evidence—Admission of Evidence Held Proper.** In action by bank against school district for money had and received, where its former cashier, who also was treasurer of school district, kept district's account in bank in his own name, and to pay indebtedness to district drew draft on another bank in favor of plaintiff bank, giving it to his successor as plaintiff bank's cashier, telling him it was for district, where original account sheets of bank had been lost, admitting in evidence copy made by cashier showing bank indebted to defendant district to amount of draft was proper.

2.—**Trial—Jury—Credibility—Weight of Evidence.** Regardless of facts and circumstances tending to discredit witness, jury was sole judge of credibility and weight of evidence.

3.—**Appeal and Error—Instruction Held Proper.** In action by bank for money had and received against school district, where former bank cashier was treasurer of district and kept district's account in his own name, and, to pay district amount he owed it and which he had in account of district kept in his own name, drew draft in favor of plaintiff on another bank in which plaintiff had account stating that it was for district, instruction that, if jury found that draft was paid out of funds belonging to defendant district, to find for.defendant, was not prejudicial.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1029, n. 30; Evidence, 22CJ, p. 1019, n. 4; Trial, 38Cyc, p. 1518, n. 69; p. 1521, n. 84.

Appeal from the Circuit Court of Wayne County.—Hon. E. M. Dearing, Judge.

AFFIRMED.

*Henson & Charlton* and *C. T. Bloodworth* for appellant.

(1) The copy of the alleged account offered in evidence by defendant was not admissible, because it was not an original entry. Owen v. Bray, 80 Mo. App. 526; Anchor Milling Co. v. Walsh, 108 Mo. 277. (2) If book entries show that they were made at the same time, though relating to separate transactions; or if by reason of alterations or erasures they have a fraudulent appearance, they should be rejected. Jones on Evidence, sec. 576. (3) This draft was drawn by Sheets, as cashier, in favor of defendant against the account of plaintiff, bank, and it showed on its face that Sheets was exercising his authority as cashier or agent in favor of himself as principal. St. Charles Bank v. Orthwein Inv. Co., 160 Mo. App. 379. (4) It was the duty of the court to withdraw the copy of the alleged account

from evidence after it had been shown to be objectionable. Harrison v. Light Co., 195 Mo. 635; Anderson v. Railroad Co., 161 Mo. 420.   (5)   Defendant, School District, knew as a matter of law when the draft was given to Mr. Perrin that C. D. Sheets was appropriating the funds of plaintiff, bank, to his own use. St. Charles Bank v. Orthwein Inv. Co., 160 Mo. App. 379; Kitchens v. Teasdale Comm. Co., 105 Mo. App. 463; St. Charles Bank v. Edwards et al., 243 Mo. 553.   (6)   Instructions without evidence to support them are erroneous. Kansas City R. R. Co. v. Couch, 187 S. W. 64; Lord v. DeLano, 188 S. W. 93; McElvain v. Dorrah, 204 S. W. 824.

*O. L. Munger, Wm. A. Settle* and *John L. Moore* for respondent.

Where the writing containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed without the fault of the party desiring to prove such evidence becomes admissible.   17 Cyc., page 518.   If it is shown by satisfactory proof that the original instrument has been lost or destroyed, or that it is beyond the jurisdiction of the court, or in the possession of the adverse party, who refuses to produce it, one of the principal objections to secondary evidence at once disappears and such evidence becomes admissible.   Jones on Evidence (2 Ed.), sec. 212.   The copy of the account offered in evidence by the defendant was admissible as secondary evidence, because the original account was shown to have been lost or destroyed, and was not obtainable. The Anchor Milling Co. v. Walsh, 108 Mo. 284 and 285.   Where an instrument of writing is either lost, destroyed, beyond the jurisdiction of the court or not within the control of either party to the suit, secondary evidence of its contents is admissible.   Fuller v. Robinson, 230 Mo. 22, 130 S. W. 354; Bird v. Fox, 193 S. W. 944 and 945; Schwall v. Higginsville Milling Co., 195 Mo. App. 89, 190 S. W. 960; Cudahy Packing Co. v. Chicago & N. W. Ry. Co., 201 S. W. 596, 598; Doniphan v. Transue, 226 S. W. 637; Midwest Nat'l Bank & Trust Co. v. Parker Corn Co., 211 Mo. App. 413, 245 S. W. 222. The rule of law that demands of a party the best evidence of a fact to be proven is qualified to mean that the party must produce the best evidence available to him, and that was done in this case when the copy of the account between the plaintiff and defendant, school district, was admitted in evidence.   Montgomery v. Dormer, 181 Mo. 15, 79 S. W. 913 and 915; Charles v. Charles, 281 S. W. 419.   The question as to whether a sufficient foundation has been laid for the admission of secondary evidence is addressed largely to the discretion of the trial court, and when the court admitted said account in evidence in this case he acted well within the law.   22 Corpus Juris, pages 906 to 907; O'Donnell v. Kansas City Life Insurance Co., 277 S. W. 976; Spellmeyer v. Theo. Hiertz Metal Co., 272 S. W. 1071.

Before plaintiff can recover in this case it must show that defendant obtained the money sued for knowing that it belonged to plaintiff, or under circumstances which suggested, or in the exercise of reasonable diligence would have suggested, to it was plaintiff's money; that it obtained it without consideration, and that the defendant at the time of the filing of the suit was either in the possession of the money or had given same to another as the result of some sort of collusion, and that same belonged to plaintiff, and that in equity and good conscience plaintiff is entitled to same from the defendant. Ford-Davis Mfg. Co. v. Maggee, 233 S. W. 269; Vandagrift v. Masonic Home of Mo., 242 Mo. 138, 145 S. W. 448; Vandagrift v. Grand Commandery of Knights Templar, 176 Mo. App. 441; 158 S. W. 461. Instructions are sufficient if they come within the purview of the pleadings and the evidence,· and the instruction given in this case and complained of by plaintiff, complies with this rule of law. Barnes v. Elliott, 251 S. W. 489 and 490; King v. St. Louis & San Francisco Ry. Co., 268 S. W. 412.

BRADLEY, J.—This is an action for money had and received. The cause was filed in Carter county and the venue changed to Wayne county where a jury trial resulted in a verdict and judgment for defendant. Motion for a new trial was filed and overruled, and plaintiff appealed.

The petition states a cause of action for money had and received. The answer put in issue the material allegations. Several separate assignments are made, but these may be considered under two heads, viz.; that error was committed in the admission of evidence and in giving an instruction requested by defendant.

C. D. Sheets was cashier of plaintiff bank from March, 1920, until. January, 1924, and was also treasurer of defendant school district from the fall of 1920 until August, 1923. Sheets kept the account of, defendant district in plaintiff bank, but in his own name and not in the name of the district. When he retired as treasurer of defendant he was indebted· to it in the sum of $417.07. January 12, 1924, a few days prior to his retiring as cashier of plaintiff bank, Sheets as cashier of plaintiff drew a draft on the State Bank of Poplar Bluff in favor of the Bank of Ellsinore for $417.07, and delivered this draft to W. S. Perrin, cashier of the Bank of Ellsinore. At that time the Bank of Ellsinore was the depository of defendant school district, and when Sheets handed the draft to Perrin he, Sheets, told Perrin that the draft was for defendant district. Perrin entered the draft as a deposit to the credit of defendant district, and delivered the deposit slip to Sheets. Plaintiff bank had an account with the State Bank of Poplar Bluff and when the draft reached that bank it was paid and charged to plaintiff's account. Sheets testified that

on January 23, 1924, he charged the draft to the account of the defendant district, that is to the account which on the books of the bank was in his own name, but which was in fact the account of defendant district according to his evidence.

Sheets claimed that when this draft was charged it balanced the account of defendant district, and that because the account was closed he took out of the loose leaf ledger the various sheets of the school district's account and put them in a drawer with other closed accounts. Sheets ceased to be cashier of plaintiff bank on January 25, 1924, but before he went out of the bank he claims to have made an exact copy of the account of defendant district. What became of the original no one was able to say. Sheets claims to have left the sheets of the original account in the desk with other closed accounts, but those who took over the bank were not able to find this account.

The court admitted in evidence the copy of the account which Sheets made and this is the evidence complained of. This copy shows that when the draft was drawn there was a balance of $417.07 in what Sheets says was the school district account and if the copy was correct, and the account was in fact the account of defendant, then plaintiff bank was indebted to defendant to the amount of the draft. That the proper foundation was laid for the admission in evidence of the copy of the account can hardly be questioned, and we think it was properly admitted. [Bird v. Fox, 193 S. W. (Mo. App.) 941; 22 C. J. 1018.] There is in the record considerable evidence of facts and circumstances which tend strongly to discredit Sheets, but the jury was the sole judge of the credibility and weight of his evidence.

Defendant's instruction No. 4 is challenged. After other directions, not necessary to here mention, this instruction told the jury that if they found that the "draft was paid out of funds belonging to said defendant school district," to find for defendant. The point made is that there was no evidence to show that the draft was paid out of funds belonging to the school district. It is true that the draft was not paid out of funds belonging to the defendant district, but it was paid in the usual way, and by the State Bank of Poplar Bluff with which plaintiff bank had an account to its credit. And if the plaintiff bank owed defendant district the amount of the draft, and the jury so found, then there was no loss to plaintiff. We do not think that plaintiff was in any way prejudiced by the instruction complained of.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.